UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Mary Margaret Gorham,                                    BKY. No. 11-30173
                  Debtor.                ADV. No. 11-_____

Mary Margaret Gorham,

           Plaintiff,                                   **COMPLAINT TO SET ASIDE**
vs.                                                       **PREFERENCE**

John A. Halpern & Associates,
And Old Republic Insurance Company

           Defendants.

1. This adversary proceeding is brought pursuant to the provisions of 11 U.S.C. §§522, 547, and 550 and Fed. R. Bankr. P. 7001.

2. This court has jurisdiction over this adversary proceeding, pursuant to the provisions of 28 U.S.C. § 1334; this matter being a core proceeding under 11 U.S.C. § 157(b)(2)(F) and venue being proper under 28 U.S.C. § 1409(a). This bankruptcy case is presently pending in this Court.

3. This complaint is filed, pursuant to 11 U.S.C. § 522(h), to set aside a transfer of the Debtor's exempt property to Defendants, John A. Halpern & Associates and Old Republic Insurance Company.

4. Plaintiff is the Debtor in the above-entitled bankrupty case, having filed her voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on January 11, 2011.

5. Defendant Old Republic Insurance Company is a pre-petition creditor in the aforesaid bankruptcy case, and is the judgment creditor in the state court judgment entered against Plaintiff.

6. The judgment in question was entered and docketed on August 19, 2009, in District Court, County of Washington, State of Minnesota, Court File No. 82-CV-09-5415.

7. Defendant John A. Halpern & Associates is the attorney of record for Old Republic Insurance Company in said state court proceeding according to the records of the Court Administrator.

8. On or about July 6, 2010 and September 15, 2010, Defendant John A. Halpern &

1

Associates served collection process on debtor's employer, Minnesota Abstract & Title Company.

9. Pursuant to the direction in said collection process, Minnesota Abstract & Title Company deducted money from Plaintiff's wages.

10. On information and belief, within the ninety days prior to the commencement of Plaintiff's bankrupty case John A. Halpern & Associates received the following from Plaintiff's employer as and for the wage garnishment:

    October 29, 2010    $1,677.20
    December 23, 2010   $1,677.20
    TOTAL               $3,354.40

11. Of that amount, $0 has been refunded to Plaintiff.

12. Of the said seized amount, $3,354.40 has not been refunded to Plaintiff.

13. Plaintiff does not presently know whether John A. Halpern & Associates forwarded the money, in whole or in part, to Defendant Old Republic Insurance Company.

14. On January 14, 2011 Plaintiff's attorney faxed a letter to Defendant John A. Halpern & Associates at (612) 342-2709 requesting, that John A. Halpern & Associates refund the amount of $2,012.64 immediately, asserting that the seized amount was a preferential transfer within the meaning of 11 U.S.C. § 547.

15. On January 17, 2011 Plaintiff's attorney received a letter via facsimile from Defendant John A. Halpern & Associates requesting written documentation from the trustee that the trustee would not be seeking to attempt to avoid the involuntary preferential transfers.

16. Plaintiff originally scheduled and exempted the amount of $2,012.64 as and for the involuntary transfers which was based on the best of her knowledge and belief as to the amount of the involuntary transfers. Plaintiff's attorney was subsequently informed that Defendant John A. Halpern & Associates received $3,354.40 within the 90 days prior to the filing of the Plaintiff's petition.

17. On April 6, 2011, Plaintiff amended her schedules to reflect the amount garnished of $3,354.40 and caused to be served the same on all of her creditors including Defendants and the trustee.

18. As of the filing of this Complaint, the seized funds have not been returned to Plaintiff.

19. The seizure of funds from Plaintiff's wages constitutes a transfer of property.

20. The aforesaid transfer to Defendants was not voluntary nor did the Debtor conceal any of the property involved.

21. Said transfer is preferential within the meaning of 11 U.S.C. §547, in as much as it was made for the benefit of Defendant Old Republic Insurance Company, a creditor of Plaintiff, while Plaintiff was insolvent, on account of an antecedent debt, and within 90 days of the filing of her petition.

22. Debtor is a person whose debts are "consumer debts" as defined in 11 USC §101(9).

23. Such transfer, if allowed to stand, will enable the creditor to receive more than it would have received under the distribution provided to creditors in this case in violation of 11 U.S.C. §547.

24. Pursuant to the provisions of 11 U.S.C. §522(h), a Debtor may recover a preferential transfer in excess of $600.00 if the trustee does not attempt to avoid the transfer.

25. In this instance, the trustee has not filed his Report of No Distribution as of the date of this Complaint.

26. Thirty days have passed since the filing of Plaintiff's Amended Schedules.

27. Plaintiff has claimed the property, which was subject to the involuntary transfer, as exempt in her bankruptcy petition, pursuant to the provisions of 11 U.S.C. §522(b) and §522(g), without objection thereto.

28. If Defendant John A. Halpern & Associates still has possession of the funds, it is the initial transferee of such transfer; if Defendant John A. Halpern & Associates has remitted the funds to Defendant Old Republic Insurance Company, then Old Republic Insurance Company is the immediate transferee, or at minimum is the entity for whose benefit such transfer was made.

29. Accordingly, Plaintiff is entitled to recover the preference.

30. Because Plaintiff does not know which Defendant actually has possession of the seized funds, Plaintiff prays for judgment against both Defendants; however, Plaintiff does not claim to be entitled to more than one satisfaction of the judgment.

WHEREFORE, Plaintiff prays for judgment against Defendants for the sum of $3,354.40, plus her costs and disbursements and for such other and further relief as to the Court may seem just and proper.

Date: May 11, 2011

/e/ Jennifer L. VanDerBosch Starkey
Jennifer L. VanDerBosch Starkey (0297495)
Attorney for Plaintiff
Anderson & Associates, L.L.C.
1650 11th Avenue SW, Suite 203
Forest Lake, MN 55025
(651) 464-8510